## SUPREME COURT.

### Gould and others agt. Williams & others.

An answer drawn in conformity with approved usage in chancery pleading, admitting specifically all the statements in the complaint, and stating various legal propositions and arguments in defence, cannot be sustained under the Code.

An answer now must either *deny* allegations found in the complaint, or state *new matter*, by way of evidence.

*Albany Special Term, July,* 1853. Motion to strike out irrelevant or redundant matter. The action was brought to obtain a judicial construction of the will of William Gould, deceased.

The plaintiffs are executors of the will. The complaint states the making of the will—the death of the testator—the proof of ·

the will, and granting letters testamentary to the plaintiffs—the death of the widow of the testator, and the provisions of her will, so far as they relate to the estate of her husband. The complaint also states, that the husband of the defendant, Betsey Williams, died between the time of making the will and the death of the testator. By the terms of the will, Mrs. Williams was entitled, as a residuary legatee, to two twenty-third parts of the estate.

The defendant, Mrs. Williams, put in her answer, in which she admits specifically all the statements of the complaint; but in respect to the will of Mrs. Gould, she says, that "as to how she left or bequeathed the residue of her estate or property, she has no knowledge, except from the complaint," and then adds, what the plaintiffs move to strike out, which is as follows :— "but while she believes there is a clause in her will as to her residuary property similar to what is contained in the said complaint, yet this defendant insists, that on the face of the said complaint, the said Mary Gould did not take any of the said residuary estate and property of the said testator, William Gould, and did not, and could not bequeath or give any share, right, or interest therein, to any of the parties who are benefited by her own will. And she denies that any of such parties have any claim to any legacy or share of, or embraced by, or in the residuary estate and property of the said William Gould, deceased."

Again, after admitting the death of her husband, as stated in the complaint, and that she remained unmarried, and claiming that, upon the death of Mrs. Gould, she became entitled to receive her share of the estate, she proceeds as follows :. " and she insists that it could, and should have been then done, and she insists that she is from that time (the 7th day of February, 1852) entitled to interest thereon, at the statute rate of interest of the state of New-York; that, so far as regards such, her rights in such residue, there is no legal point to justify the plaintiffs to file their said complaint, and thereby delay this defendant in the receipt of such two parts, and that such interest, with her costs, disbursements, and counsel fees, to be cer-

Gould and others agt. Williams and others.

tified and allowed by this honorable court, should be adjudged to be paid by the residuary legatees, under the said will of the said Mary Gould, deceased, or by William G. Banks, in the complaint mentioned, or by ·the executors, either individually or out of any assets there may otherwise be of the estate of the said William Gould, deceased.   Also, this defendant insists, as she is advised, that the residuary estate or property of the said William Gould is, in its division and distribution, to be considered as personalty." This, also, the plaintiffs moved to strike out.

OTIS ALLEN, *for Plaintiffs.*
CH. EDWARDS, *for Defendant, Williams.*

HARRIS, Justice.—The answer in this case is in conformity with approved usage in chancery pleading.  It was drawn by one who had attained eminence as a skilful equity practitioner. But it is not such a pleading as the Code sanctions.  The answer admits specifically, without a single exception, I believe, all the statements of the complaint.   This was always regarded as proper, and frequently was required in chancery practice ; but such admissions form no part of the answer authorized by the Code.   An answer now must either deny allegations found in the complaint, or state new matter.   Whatever else it contains is irrelevant or redundant.   Tested by this rule, the whole answer in this case is objectionable.   It does not controvert a single fact stated in the complaint, or state any new fact by way of defence.   Had the plaintiffs moved to strike out the whole answer as irrelevant, I do not see why the motion should not have been granted.

Having admitted the facts alleged in the complaint, the defendant proceeds to state various legal propositions and arguments, very much the same, I suppose, as will be embodied in the points presented by her counsel, when the case shall be brought to a final hearing.   They should have been reserved for that occasion.   This part of the answer the plaintiffs move to strike out.   The motion must be granted.   I feel bound, too, though it is with some regret, to grant costs of the motion.